IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW M. OBREGON,

                Plaintiff,

v.

JAMIE BARKER and DR. RADU FILIPESCU,

                Defendants.

ORDER

23-cv-681-jdp

---

Plaintiff Andrew M. Obregon is proceeding without counsel on Eighth Amendment medical care, First Amendment retaliation, and Wisconsin-law medical negligence claims. Dkt. 20. Three motions are pending: (1) a motion to appoint counsel; (2) a motion to appoint a mental health expert to assess whether appointing counsel is warranted; and (3) a motion for assistance from the U.S. Marshal to serve process on defendant Dr. Filipescu. Dkt. 24; Dkt. 33; Dkt. 36. Preliminarily, the court will deny as moot the third motion because Dr. Filipescu has been served and counsel has entered an appearance for him. This order deals with the first and second motions. The court will deny without prejudice the first motion and deny the second motion.

Litigants in civil cases don't have a constitutional right to counsel, and the court doesn't have the authority to appoint counsel to plaintiffs proceeding without counsel in civil matters. Rather, the court can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc). So, the court will construe Obregon's request for counsel as a motion for assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*, 503 F.3d at 655.

Obregon hasn't met the first requirement because he's paid the filing fee, Dkt. 9, and he hasn't provided documentation showing that he can't afford to hire counsel on his own. Obregon may show that he can't afford to hire counsel by submitting his inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the date of any renewed motion for assistance in recruiting counsel.

As for the second requirement, this court usually requires plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Obregon says that he's written to four attorneys and that he didn't receive a response from any of them. Dkt. 26. But Obregon hasn't submitted any other evidence to support this statement, such as copies of letters that he's sent to attorneys and proof of postage. Obregon hasn't shown that he's made reasonable efforts to obtain counsel on his own.

As for the third requirement, Obregon hasn't shown that this case involves issues that are too complex for him to handle without counsel. At this stage, the issues in this case aren't complex. Obregon bases his medical care and medical negligence claims on allegations that: (1) Dr. Filipescu refused to order a steroid injunction for his severe back pain and prescribed physical therapy, which he knew was ineffective; and (2) Barker didn't try to schedule an appointment with a provider even though she knew that Obregon hadn't seen a provider for ten months and that his medication for back pain was ineffective. Dkt. 20 at 4–5. Obregon

2

bases his retaliation claim on the allegation that Barker canceled his medical restrictions for high-top boots or shoes because he complained about a lack of medical treatment. *Id.*

Prisoners proceeding without counsel routinely litigate cases involving similar issues. Obregon has submitted documentation showing that he has a fourth-grade reading level[1] and post-traumatic stress syndrome, and he says that he was diagnosed with attention deficient disorder. Dkt. 34 ¶ 2; Dkt. 34-1 at 1; 34-2 at 1. Such characteristics factor into this analysis but alone do not mandate recruitment of counsel. Again, such issues are common for prisoners who litigants who proceed without counsel. Obregon has not explained and the court has not seen evidence that these factors have stopped Obregon from completing the particular litigation tasks that he must complete.

Obregon also says that his serious back problems have made it hard for him to do legal work and have caused him considerable emotional turmoil. Dkt. 34 ¶ 4. But people often complete legal work despite medical or emotional concerns, and Obregon could request an extension of time to complete a particular legal task if his back problems seriously impacted his ability to complete it. Also, Obregon can request mental health care in prison.

Obregon further contends that the court should recruit counsel because this case requires expert medical testimony. Dkt. 33 at 2. But prevailing on a medical care or medical negligence claim doesn't always require the plaintiff to present his own expert witness, and prevailing on a retaliation claim likely wouldn't require expert testimony. Obregon hasn't shown that he needs expert medical testimony to litigate this case. And even if this case did require expert testimony, that alone does not require recruitment of counsel.

---

[1] Obregon says third grade but the document he cites contradicts this statement.

For all the reasons above, Obregon's motion for court assistance in recruiting counsel is denied without prejudice, meaning Obregon may renew it at a later date when his circumstances have changed. If Obregon renews the motion, he should be sure to address each of the three elements discussed above.

Obregon's second motion seeks appointment of a mental health expert to assess whether recruiting of counsel is warranted. Even if the court had authority to take that step, it wouldn't be appropriate here. In ruling on Obregon's request for assistance in recruiting counsel, the court largely accepted the validity of his problems and the sincerity of his concerns. Despite those obstacles, Obregon hasn't shown that this case is too complex for him to litigate without counsel at this stage in the case. This motion is also unnecessary because Obregon could have made this request in his motion for assistance in recruiting counsel. Obregon's second motion is denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Obregon's motion for assistance in recruiting counsel, Dkt. 33, is DENIED without prejudice.

2. Plaintiff's motion to appoint a mental health expert, Dkt. 36, is DENIED.

3. Plaintiff's motion for assistance from the U.S. Marshal to serve process, Dkt. 24, is DENIED as moot.

4. Plaintiff is to be sent a copy of this order.

Entered September 16, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge
